UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONIDA BURCH, individually and on behalf all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MISHLE HOME HEALTH CARE, INC. and MARTIN LAGUNDINO JR., individually, <br><br> Defendants. | |

## COMPLAINT

Plaintiff, Leonida Burch, individually and on behalf of all others similarly situated, by and through her attorneys, Caffarelli & Associates Ltd., and for her Complaint against Defendants Mishle Home Health Care, Inc. ("MHHC" or the "Company") and Martin Lagundino, individually (collectively "Defendants"), states as follows:

### NATURE OF ACTION

1. This is a collective action based on Defendants' practice of compensating Plaintiff and similarly situated co-workers a fixed daily rate for all days worked, resulting in the failure to pay the minimum wage for all hours worked and the overtime rate of one and one-half times employees' regular rate of pay (the "overtime rate") for hours worked in excess of forty (40) per week ("overtime hours"), in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Plaintiff also brings individual minimum wage and overtime claims pursuant to the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et seq.* ("IMWL").

### JURISDICTION AND VENUE

2. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (right of action under the FLSA).

3. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed within the State of Illinois, at the Defendant's principal place of business in DuPage County, Illinois. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Burch is an adult resident of Skokie, Illinois. She worked as a Caregiver for Defendant from March 2018 through March 2019.

6. Throughout her employment, Plaintiff and her similarly situated co-workers were "employees" of Defendant within the meaning of the FLSA and IMWL.

7. Defendant MHHC is a provider of in-home care for senior citizens. Defendant maintains its principal place of business in Glen Ellyn, Illinois and provides services, through its employees, to seniors in Illinois.

8. Defendant MHHC is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

9. Defendant MHHC is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

10. Defendant Lagundino is the President of MHHC.

11. Defendant Lagundino has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on Defendant MHHC's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation.

**FACTUAL ALLEGATIONS**

12. Plaintiff began working as an in-home Caregiver for the Defendant March 2018.

13. At all times during her employment with the Defendant, Plaintiff and her similarly situated co-workers worked as in-home Caregivers. They were assigned to work and live in the homes of Defendant MHHC's clients to provide various around-the-clock in home services.

14. At all times during her employment, Defendants paid Plaintiff a flat rate per day worked, and did not pay her for all hours worked or at an overtime rate for overtime hours.

15. Each day Burch worked, she was on duty 24 hours per day, including spending the night at the homes of Defendant MHHC's clients to provide any necessary overnight care.

16. Defendant MHHC directed Plaintiff to, and Plaintiff did work more than forty (40) hours per week in virtually all weeks she worked for Defendant.

17. Burch's initial daily rate was $80, which was increased to $90 per day prior to her separation in March 2019. Accounting for her 24-hour shifts, Burch's hourly rate totaled $3.33, and later $3.75, both of which were at all times less than the prevailing minimum wage in Illinois.

18. Defendants did not require Plaintiff to clock in or out of work, and did not accurately track or record the number of hours that Plaintiff worked each week. Instead, her paycheck reflected only full or half days worked, each of which was paid at a flat rate.

19. Defendants did not pay Plaintiff any additional amounts when she worked more than forty hours per week.

20. During the three years preceding the filing of this Complaint, Plaintiff was not exempt from the minimum wage or overtime provisions of state or federal law.

21. Effective January 1, 2015, the U.S. Department of Labor revised previous regulations relating to in-home domestic service workers such as the Plaintiff. As a result, throughout Plaintiff's employment and the three-year period preceding the filing of this Complaint, in-home domestic service workers such as the Plaintiff and her co-workers have been legally entitled to the minimum wage for all hours worked and to overtime wages for overtime hours.

22. Defendants knew or should have known about their obligation to pay Plaintiff and her co-workers at least the minimum wage for each hour that they worked.

23. Defendants knew or should have known about their obligation to pay Plaintiff and her co-workers at an overtime rate for all overtime hours.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Collective Action)

24. Plaintiff re-states and incorporates each of the above paragraphs as though fully set forth herein.

25. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay Burch and all putative class members at least the minimum wage for all hours worked, and overtime wages for all overtime hours worked.

26. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. §§ 206–207. Plaintiff attaches as **Exhibit A** her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

27. All past and present employees of Defendants who were required to and did work 24-hour shifts in clients' homes and were not paid the minimum wage for all such hours worked

4

and/or were not paid at the overtime rate for all overtime hours worked are similarly situated to Plaintiff, in that Defendants applied their compensation policies, which violate the FLSA, on a company-wide bases for at least all putative class members.

28. Defendants' failure to pay the minimum wage and overtime wages for all overtime hours are willful violations of the FLSA, since Defendants' conduct shows that they either knew their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

29. The Plaintiff's experiences are typical of the experiences of the putative class members, as set forth above.

30. For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire putative class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

31. The members of the putative class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiff Leonida Burch, on behalf of herself and all other similarly situated individuals, known and unknown, respectfully requests that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid minimum wages and overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime compensation found due pursuant to 29 U.S.C. § 216(b);

5

c)     Awarding prejudgment interest with respect to the amount of unpaid minimum wage and overtime compensation;

d)     Awarding reasonable attorneys' fees and costs incurred in filing this action;

e)     Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f)     Awarding such additional relief as the Court may deem just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW
### (Individual Action)

32.     Plaintiff re-states and incorporates the above paragraphs as though fully set forth herein.

33.     This Count arises from Defendants' violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for their failure to pay Plaintiff at least the state minimum wage for every hour worked, and for their failure to pay Plaintiff overtime wages for overtime hours.

34.     Pursuant to the IMWL, Plaintiff was entitled to be paid at the applicable Illinois state minimum wage rate for each hour that she performed work for Defendant MHHC.

35.     Pursuant to the IMWL, for all weeks during which the Plaintiff worked in excess of forty (40) hours, she was entitled to be compensated with overtime wages.

36.     As set forth above, Defendants paid Plaintiff a flat daily rate of either $80 or $90 for each full day that she worked for the Defendant MHHC, even though Plaintiff often worked a significant amount of overtime each week.

37.     As a result, Defendants failed to compensate Plaintiff at the state minimum wage for each hour that she worked.

38.     Defendants further failed to provide Plaintiff with any compensation at an overtime rate for hours worked in excess of forty per workweek.

39. Defendants violated the IMWL by failing to pay Plaintiff the minimum wage for all hours worked and overtime wages for all overtime hours.

WHEREFORE, Plaintiff Leonida Burch respectfully requests that this Court enter an order as follows:

a) Awarding judgment in an amount equal to all unpaid back pay consisting of minimum wage and overtime owed to Plaintiff pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages, including treble the amount of the underpayment and interest in the amount of 5% per month of underpayment, pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

f) Ordering such other and further relief as this Court deems appropriate and just.

Dated: May 28, 2019                                    Respectfully submitted,

Alejandro Caffarelli, 6239078              LEONIDA BURCH, individually and on behalf
Madeline K. Engel, 6303249                of all others similarly situated
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Ste. 300            By: /s/ *Alejandro Caffarelli*
Chicago, IL  60604                                  Attorney for Plaintiff
Tel. (312) 763-6880